UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:16-CR-00082-CHB-LLK-5 (CATALAN)

**UNITED STATES OF AMERICA**  **PLAINTIFF**

**v.**

**ISMAEL GONZALEZ, et al.**  **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court upon the motion of Defendant Carlos Catalan to join Defendant Ismael Gonzalez' motion to suppress, to which the United States responded in opposition. (Docket # 266, 268). The Court referred the matter to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636. (Docket # 273).

The undersigned construed Catalan's motion as an independent motion to suppress (not dependent on whether Gonzalez is entitled to suppression)[1] and ordered further briefing. (Docket # 274). Catalan and the United States filed supplemental briefs. (Dockets # 276, 278). The matter is ripe for determination.

Because Catalan lacks standing to object to the search, the RECOMMENDATION will be that the Court DENY Catalan's motion to join Defendant Gonzalez' motion to suppress (Docket # 266).

### Procedural history

Authorities obtained a warrant to search an auto repair shop located at 6309 Strawberry Lane in Louisville, Kentucky, which was the target of a drug-trafficking investigation. (Docket # 278, p. 1). The warrant authorized search of the shop's building and grounds. (Docket # 255, p. 1). Authorities executed

---

[1] In multi-defendant cases (such as the present one), "[a] defendant's standing is determined independently from his co-defendant's standing with regard to the same items and places that are searched." *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008). In other words, Catalan would not obtain suppression of the evidence even if (or just because) Gonzalez did.

1

the warrant on July 2, 2016, and the search resulted in discovery of incriminating cocaine and heroin in a truck parked on the shop's grounds. (Docket# 259, p. 1).

Gonzalez filed a motion to suppress (Docket # 255), and the United States responded in opposition (Docket # 259). The Court referred the matter to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636. (Docket # 261). The undersigned submitted a prior report recommending denial of Gonzalez' motion to suppress on standing grounds. (Docket # 271).

The prior report recommending denial of Gonzalez' motion to suppress inadvertently and erroneously also recommended denial of Catalan's motion to join Gonzalez' motion. (*See* Report at Docket # 271, p. 4 referring to Catalan's motion at Docket # 266). The undersigned intended to analyze Gonzalez' motion and Catalan's motion separately. Because the error has resulted in confusion, the undersigned shall (on today's date): 1) withdraw the prior report recommending denial of Gonzalez' motion (Docket # 271); 2) submit a new report recommending denial of Gonzalez' motion; and 3) submit the present report recommending denial of Catalan's motion.

**The facts surrounding the search**

The recitation of the facts surrounding the July 2, 2016 search at 6309 Strawberry Lane given by Catalan and the United States are consistent. However, the United States adds relevant facts. The United States submitted a sworn statement from Drug Enforcement Agency Special Agent Jennifer Traud to the effect that Defendant Oscar Argueta owned the truck that contained the incriminating drugs. (Docket # 268, p. 4). Additionally, the United States submitted a disc marked "aerial surveillance July 2, 2016," which supports its recitation of the facts. (Docket # 277). According to the United States, the aerial surveillance footage was provided to the Defendants in discovery. (Docket # 276, p. 2).

The United States argues that Catalan lacks standing to object to the search. (Docket # 276). Because Catalan carries the burden of proof on the issue of standing, *United States v. Mathis*, 738 F.3d 719, 729 (6th Cir. 2013), and because the United States has submitted evidence in support of its recitation

of the facts going beyond mere argument, this report will rely on the additional, relevant facts given by the United States.

According to Catalan, Catalan "operated an auto repair shop on the [6309 Strawberry Lane] [p]roperty." (Docket # 278, p. 2).[2] "As such, it was part of his business to have vehicles brought to his property for the purposes of having repairs performed on those vehicles." (*Id.*). "Catalan was expecting a tractor-trailer that needed to have its brakes repaired." (*Id.*). At the time of the search, Argueta had just arrived with his truck, which "was parked on the [shop's] property." (*Id.* at p. 1).

According to the United States, the disk marked "aerial surveillance July 2, 2016" (Docket # 277) shows that law enforcement officers entered the property through an open gate and "approached Argueta's truck [only] seconds after [Argueta had] arrived" on the property. (Docket # 276, p. 2). "Argueta was alone in his truck, with the engine still running and did not exit the truck before law enforcement arrived." (*Id.*). "Argueta consented to the search of his truck." (*Id.*). "Argueta told the agents where the drugs were hidden in the driver's truck compartment." (*Id.*).[3] The surveillance video shows "an open gate to the lane alongside the auto shop, which remained open at the time law enforcement approached." (*Id.*).

### Legal standards governing standing to object to a search

Catalan moves to join Gonzalez' motion to suppress (Docket # 266), and Catalan and the United States differ as to whether Catalan has standing to object to the search (Dockets # 276, 278).

"[A] defendant has standing to challenge the admission of evidence only if the defendant's own constitutional rights have been violated." *United States v. Mastromatteo*, 538 F.3d 535, 544 (6th Cir. 2008) (quoting *United States v. Davis*, 430 F.3d 345, 359-60 (6th Cir. 2005)). "In cases involving Fourth Amendment violations, we determine standing by deciding whether a defendant can establish a

---

[2] Catalan leased the shop, which he operated, from a third party. (Docket # 266, p. 1; 268, p. 1).
[3] The United States concedes that, because he owned the truck, Argueta has standing to challenge the search of the truck (Docket # 268, p. 3), but Argueta has not moved to suppress.

legitimate expectation of privacy in the area searched or the items seized." *Id.* A legitimate expectation of privacy exists when a defendant, "by his conduct, has exhibited an actual (subjective) expectation of privacy" -- that is, has sought "to preserve something as private" -- and when his "subjective expectation of privacy is one that society is prepared to recognize as reasonable." *United States v. Mathis*, 738 F.3d 719, 729 (6th Cir. 2013) (quoting *Smith v. Maryland*, 442 U.S. 735, 740 (1979)).

When challenging the admission of evidence under the Fourth Amendment, it is the defendant's burden to show that he had a legitimate expectation of privacy in the area searched or items seized. *Mathis*, 738 F.3d at 729 (citing *Mastromatteo*, 538 F.3d at 544). If he does not meet this burden, the defendant lacks standing for his challenge. *Id.*

A reasonable expectation of privacy generally has "a source outside the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *Rakas v. Illinois*, 439 U.S. 128 n.12 (1978).

**Analysis**

At the time of the search, Argueta was still in his truck and had not yet delivered the truck and key to Catalan to have the brakes repaired. Therefore, Catalan had not yet obtained a property (bailment) interest in the truck,[4] which arguably would have given him standing to challenge the search.[5] Because

---

[4] Under Kentucky law, a mutual benefit bailment forms when "(bailor) deliver[s] his truck to … (bailee) … for repairs." *Scariot v. Nolson Automanage, LLC*, No. 2008-CA-000007-MR, 2009 WL 1811333, at *2 (Ky. App. June 26, 2009). "A 'bailment,' in its ordinary legal signification, imports the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed, and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it." *Id.* (quoting *Jones v. Hanna*, 814 S.W.2d 287, 289 (Ky. App. 1991)).

[5] The principle that a bailee generally has standing to object to a search is summarized in 6 W. LaFave, Search and Seizure § 11.3(f) (5th ed. 2012):
> A person who is not the owner of the container but who possesses it by virtue of his status as bailee certainly has standing to object to illegal interference with his possessory interest. There is even some authority, grounded in the assertion in [*Rakas v. Illinois*, 439 U.S. 128 n.12 (1978)] that "one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude," that the bailee will at least sometimes have a reasonable expectation of privacy in the contents of the container. However, it has been held that the bailee lacks a privacy expectation as to the contents, and thus is without standing to object to opening of the container, when he lacks "permission to open" the container or "any means of access" to its contents.

Catalan had no ownership or possessory interest in the truck, Catalan has no standing to object to the search of someone else's (Argueta's) truck. *See Rakas*, 439 U.S. at 134 ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed").

Authorities legitimately entered Catalan's property because they had a warrant to search his shop and grounds and because, according to the United States, the surveillance video shows "an open gate to the lane alongside the auto shop, which remained open at the time law enforcement approached." (Docket # 276, p. 2). In any event, even if authorities trespassed upon Catalan's property to be in a position to obtain Argueta's consent to search his truck, that trespass did not give Catalan a reasonable expectation of privacy in Argueta's truck and its contents. *See Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) ("In *Katz v. United States*, 389 U.S. 347, 351 … (1967), we established that 'the Fourth Amendment protects people, not places'").

The foregoing conclusion that Catalan has no standing to object to the search of Argueta's truck follows from general legal principles. The same conclusion follows from more specific principles concerning search of motor vehicles. "Because vehicles are mobile and subject to pervasive government regulation, an individual's justifiable expectation of privacy in a vehicle is less than in his home" and other items of real or personal property. *New York v. Class*, 475 U.S. 106, 124 (1986).

In the context of vehicle searches, the Sixth Circuit has held that a defendant moving to suppress evidence "must demonstrate that he personally had an expectation of privacy in the [vehicle] that society is prepared to consider reasonable." *United States v. Elmore*, 304 F.3d 557, 558, 561 (6th Cir. 2002). Generally, a defendant does not have standing to object to the search of a vehicle that he "did not own and in which he was neither the driver nor a passenger." *United States v. Luna-Santillanes*, No. 11-20492, 2012 WL 1019601, at *6 (E.D. Mich. March 26, 2012) (citing *Elmore*, 304 F.3d at 560-61); *see also United*

---

LaFave, § 11.3(f).

*States v. Baker*, 221 F.3d 438, 443 (3d Cir. 2000) (to support expectation of privacy in a vehicle, although outright ownership is not required, there must be "clear evidence of continuing possession and control"); *United States v. O'Neal*, 16 F. App'x 539, 541 (8th Cir. 2001) ("It is well established that an individual does not have a reasonable expectation of privacy in another person's automobile") (citing *Rakas*, 439 U.S. at 134).

At the time of the search, Catalan did not own the truck, drive the truck, ride in the truck, or possess or control the truck. He, therefore, has no standing to object to the search.

### RECOMMENDATION

Because Catalan lacks standing to object to the search, the Magistrate Judge RECOMMENDS that the Court DENY Catalan's motion to join Gonzalez' motion to suppress (Docket # 266).

November 19, 2018

Lanny King, Magistrate Judge
United States District Court

### NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

November 19, 2018

Lanny King, Magistrate Judge
United States District Court